UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

EVERICK L. MONK                                                                                    PLAINTIFF

      v.                              Civil No. 1:11-cv-01054

BECKY PEARCE; T.A. PULLIG;
FORMER SHERIFF FOSTER;
FORMER CAPTAIN TRUMAN YOUNG;
LIEUTENANT JANET DELANEY;
FORMER SERGEANT DAVIS; and
NURSE MANESS                                                                                     DEFENDANTS

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE

This is a civil rights action filed by Plaintiff, Everick Monk, pursuant to the provisions of 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S. C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court is Separate Defendants T.A. Pulling and Becky Pearce's Motion to Dismiss. ECF No. 18. Plaintiff filed a response titled Reply to Motion to Dismiss ("Response"). ECF No. 23. T.A. Pulling and Becky Pearce ("Separate Defendants") filed a Reply. ECF No. 28. After considering all of the briefing, the undersigned makes the following Report and Recommendation.

I.     **BACKGROUND**

Plaintiff filed his original Complaint on September 16, 2011. ECF No. 1. The allegations in the Complaint concern Plaintiff's incarceration in the Columbia County Detention Center ("CCDC"). In his Complaint, Plaintiff named Sheriff Foster, Captain Truman Young, Lt. Janet Delaney, Sgt. Davis, Nurse Maness, and John and Jane Doe, doctors at the hospital in Magnolia,

Arkansas as Defendants.  ECF No. 1, p. 3.

Plaintiff claims he was assaulted, on May 26, 2010, by a fellow inmate while Sgt. Davis watched.  Further, Plaintiff claims that Lt. Delaney spoke with him immediately after the assault and witnessed Plaintiff's busted lip and broken finger but denied him medical attention.  ECF No. 1, p. 4.  Plaintiff was seen by Nurse Maness at sick call a few days after the assault.  Nurse Maness informed Plaintiff he would go to the "clinic" to be seen by a doctor soon.  ECF No. 1, pp. 4-5.  Plaintiff then filed paper work for a visit at the Magnolia Rural Health Clinic.  Around June 20, 2010, Plaintiff informed Captain Young and Sheriff Foster of his medical needs and that he was being denied medical care.  In the first week of July 2010, Plaintiff informed Nurse Maness of his continued suffering.  Plaintiff was seen by a doctor during the week of July 20, 2010 at the "clinic" and diagnosed with a broken finger.  ECF No. 1, p. 5.  Plaintiff does not make any allegations in the Complaint against John and Jane Doe, doctors at the Magnolia Hospital.

On October 13, 2011, the Court ordered Plaintiff to provide the names of the doctors he identified in his Complaint as John and Jane Doe.  ECF No. 4.  Plaintiff responded with a document titled Amended Complaint,[1] in which he named Becky Pearce and T.A. Pullig in place of John and Jane Doe.  He stated Pearce and Pullig were employed at either Magnolia Rural Health Clinic or Magnolia Hospital.  ECF No. 5.  Plaintiff did not include any additional information regarding his claims in this Amended Complaint.

Separate Defendants filed their Motion to Dismiss on March 26, 2012.  ECF No. 18.  In the Motion, Separate Defendants indicate they are employed at the Magnolia Rural Health Clinic

---

[1] The Court does not consider this document a traditional amended complaint which replaces the original complaint.  Instead, this document is simply a response to the Court's October 13, 2011 Order (ECF No. 4) that Plaintiff erroneously titled "Amended Complaint."  However, the Court will reference the document as "Amended Complaint" herein, in order to distinguish it from Plaintiff's "Response" to the Motion to Dismiss.

and argue that Plaintiff has failed to allege they violated his constitutional rights. Specifically, Separate Defendants are not employees of CCDC, Plaintiff did not allege they denied him medical care or failed to protect him, and Plaintiff admits once CCDC employees brought him to Magnolia Rural Health Clinic, Separate Defendants provided him medical care. ECF No. 19, p. 3.

In his Response, Plaintiff argues that Separate Defendants are liable because they supervise Nurse Maness. ECF No. 23.

In their Reply, Separate Defendants argue that Plaintiff cannot use his Response to their Motion to Dismiss as an avenue to Amend his Complaint by asserting allegations against Separate Defendants. Additionally, Separate Defendants argue that the factual allegations in the Response are factually untrue and conflict with the allegations Plaintiff asserted in his Complaint. Nurse Maness is the nurse at the CCDC while Separate Defendants are employees at the Magnolia Rural Health Clinic. Further, Separate Defendants are private individuals and were not acting under color of state law when they treated Plaintiff. ECF No. 28.

## II.   LEGAL STANDARD

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. The Court will liberally construe a *pro se* plaintiff's complaint, however, the plaintiff must

allege sufficient facts to support their claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

### III.   DISCUSSION

While *pro se* complaints are to be construed liberally, courts must still apply the "plausibility standard." *See Ventura–Vera v. Dewitt,* 2011 WL 2184269, *1 (8th Cir. June 7, 2011). Here, Plaintiff clearly listed his allegations in his Complaint and specifically listed each Defendant that committed the complained of conduct, and while he listed John and Jane Doe as Defendants he did not assert any factual allegations against either of them. Additionally, in his Amended Complaint, Plaintiff indicates that Separate Defendants work at Rural Magnolia Health Clinic or Magnolia Hospital. Finally, Plaintiff stated in his Complaint that he was seen by a doctor at the Rural Magnolia Health Clinic and his finger was diagnosed as broken. ECF No. 1, p. 5. His denial of medical care allegations in the Complaint are all specifically related to CCDC Defendants delaying his visit to the Magnolia Rural Health Clinic. Plaintiff makes no complaints related to the treatment he received once he arrived at Magnolia Rural Health Clinic. Therefore, I find that Plaintiff failed to state a claim in his Complaint against Separate Defendants.

Plaintiff did, however, allege claims against Separate Defendants in his Response to their Motion to Dismiss. Separate Defendants argue the Court should not consider these allegations Alternatively, Separate Defendants offered a substantive response to Plaintiff's claims in their Reply. The United States Supreme Court held that *pro se* pleadings should be held to less stringent standards than formal pleadings drafted by lawyers. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972) (reversing dismissal under Rule 12(b)(6) to allow the *pro se* plaintiff to offer proof of his claims); *see also Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (reversing dismissal of First Amendment claim on preservice screening because federal pleadings are notice pleadings

4

only and *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers). Therefore, construing Plaintiff's pleadings liberally, the Court will address Plaintiff's claims against Separate Defendants made in his Response.

Plaintiff asserts Separate Defendants are liable because they supervise Nurse Maness. ECF No. 23. Separate Defendants argue this is factually untrue because Separate Defendants are employed at Magnolia Rural Clinic and Nurse Maness is the nurse at the CCDC. Separate Defendants are not Nurse Maness's supervisors. ECF No. 28, p. 2.

The factual accuracy of this claim is inconsequential here because supervisor liability is not a cognizable claim under Section 1983. A claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability. *See Monell,* 436 U.S. at 694. "[A] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity." *White v. Holmes,* 21 F.3d 277, 280 (8th Cir. 1994); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) ("general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability"). In other words, even if Separate Defendants were Nurse Maness's supervisor, they cannot be held liable merely because they supervises her and Plaintiff alleges she is responsible for violating his constitutional rights. *See id.; see also Mark v. Nix,* 983 F.2d 138, 139–40 (8th Cir. 1993) (Section 1983 liability requires some personal involvement or responsibility). There are no allegations or facts on the record that show Separate Defendants were personally involved in any way in the events complained of by Plaintiff. Plaintiff bases his claims against Separate Defendants solely on what he claims is their supervisory role over Nurse Maness. This is insufficient to state a claim under Section 1983. Therefore, Plaintiff's claims against Separate Defendants fail as a matter of law.

## IV. CONCLUSION

Accordingly, I recommend Separate Defendants Becky Pearce and T.A. Pullig's Motion to Dismiss (ECF No. 18) be **GRANTED** and Plaintiff's claims against these Defendants be dismissed with prejudice.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 15th day of November 2012.**

/s/ Barry A. Bryant  
HON. BARRY A. BRYANT  
UNITED STATES MAGISTRATE JUDGE